UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

Stephanie Ideus                                    Civil File: 4:16-cv-03086-JMG-CRZ

        Plaintiff,

vs.

Teva Pharmaceuticals USA, Inc., and Teva
Women's Health, Inc.,

        Defendants.

## PROPOSED PROTECTIVE ORDER

This Order allows the parties to this action to designate certain documents produced in discovery – for example, documents containing trade secrets or other proprietary and confidential research, development, or commercial information, or documents containing confidential personal information, including information deemed confidential by operation of the Code of Federal Regulations, such as information identifying anyone who reports an alleged adverse drug reaction or anyone who allegedly experienced an adverse drug reaction – as confidential and subject to an enhanced level of protection from disclosure. This Order strikes an appropriate balance between the parties' interests in prosecuting and defending this case, the judicial interest in the efficiency and integrity of the discovery process, and the public interest in access to information. Therefore, due notice having been given, and the Court being duly advised in the premises, the Court enters the following Order:

1.      When used in this Order, the following words shall have the following

meanings:

"Documents" means (1) all written, recorded or graphic matter whatsoever and
information produced on computer disks or tapes, including all written
materials, and (2) any copies, reproductions or summaries of the
foregoing, including microfilmed, imaged or electronic copies.

"Discovery Materials" means (1) documents or other information produced by
any party or third person, whether pursuant to the applicable civil rules, by
subpoena or by agreement, other than documents that are publicly
available; (2) interrogatory  or other discovery responses; and (3)
deposition testimony of any party or third person taken in this action,
exhibits thereto and/or any videos or transcripts thereof, whether in written
or computer format, and all contents of the foregoing.

"Producing Party" means any party or third person producing discovery materials,
whether pursuant to the applicable civil rules, by subpoena, or by
agreement.

"Receiving Party" means any party receiving discovery materials from a
producing party, whether pursuant to the applicable civil rules, by
subpoena, or by agreement.

"Disclose" (and any variant thereof) means to show, give, make available,
reproduce, or communicate any discovery materials, or any part or content
thereof.

"Confidential Discovery Materials" means any discovery materials that are
designated in good faith as "Confidential" by any party or third person.
Confidential Discovery Materials are those materials that constitute or
contain personal medical information or other personal information
pertaining to research subjects or patients, reporters of alleged adverse
drug events or persons or entities identified in such reports; trade secrets
or other confidential research, development, or commercial information
which may include proprietary information such as costs, pricing, budgets,
customer lists and data, distributor lists and agreements, personnel files,
and other private and personal information relating to employees; product
formulations, manufacturing procedures and standards, financial data,
identity of suppliers, identity of manufacturers, trade secrets, consumer
data, confidential research, business plans, strategies and data, marketing
plans and strategies, and any other confidential or proprietary information.

"Attorneys of Record" means attorneys of record for any of the parties to this
action, members of the firm of the attorneys of record for the parties, and
any in-house attorneys who are employed by the parties.

2

2.      Any Confidential Discovery Materials produced by the producing party and designated as such shall be used solely for the purposes of this litigation and shall not be used for any other legal action, except by agreement of the parties or subject to a Court Order.

3.      Disclosure of Confidential Discovery Materials other than in accordance with the terms of this Order may subject the disclosing party to such sanctions and remedies as the Court may deem appropriate.

4.      Subject to the terms, conditions, and restrictions of this Order, Confidential Discovery Materials marked "Confidential" may be disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Confidential Discovery Materials disclosed to them:

(a)     Persons employed by the Court and the jury empaneled in connection with the handling of this action;

(b)     Attorneys of Record;

(c)     Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

(d)     The parties, including current employees, officers, partners or directors;

(e)     Former employees, officers, partners or directors of the parties who are potential witnesses or deponents;

(f)     Outside experts or consultants provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains such expert's or consultant's agreement to the non-disclosure agreement described in paragraph 6 below;

(g)     Certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

(h)     Independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and

other independent litigation support services retained for purposes of this litigation; and

(i)     Any other person who is designated by written stipulation of the parties to have access to Confidential Discovery Materials, or by order of the Court after notice to all parties upon a showing of good cause why such person shall be so designated and opposing parties have had an opportunity to be heard in opposition thereto.

5.     Before disclosing any Confidential Discovery Materials to any person specified in paragraph 4(e) or 4(f), above, disclosing counsel shall advise said persons of this Order and said person must agree in writing to the non-disclosure agreement attached hereto as Exhibit A, which states that such persons agree (1) to be bound by the terms hereof, (2) to maintain Confidential Discovery Materials in confidence, and (3) not to disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. All deposition witnesses to whom Confidential Discovery Materials are disclosed at deposition must agree in writing to the non-disclosure agreement attached hereto as Exhibit A, and are hereby ordered (1) to maintain Confidential Discovery Materials in confidence and (2) not to disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order.  Each party shall maintain a file containing such certifications and, upon request, forward those certifications to the producing party within ten (10) days of such request. In no event shall any disclosure of Confidential Discovery Materials be made to competitors of Defendants, including any person who, upon reasonable and good faith inquiry could be determined to be, an employee of a competitor of Defendants, irrespective of whether such person is retained as an expert or consultant by counsel for Plaintiff.

6.     Any party desiring to designate particular Discovery Materials as Confidential Discovery Materials must place upon such materials in a conspicuous

4

manner so as to not obliterate, cover, or interfere with the reading of such material a marking which reads: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

7.      In addition, to protect against unauthorized disclosure of confidential personal information or invasion of the physician-patient privilege and/or individual privacy interests or rights, the parties may redact from Confidential Discovery Materials names, addresses, and other identifying information pertaining to: research subjects or patients; reporters of alleged adverse events or persons or entities identified in such reports (however, the remainder of such reports shall be disclosed provided they otherwise are discoverable); and other individuals or entities whose names and other identifying information are protected from disclosure by the regulations of the Food, Drug & Cosmetics Act, including, but not limited to, 21 C.F.R. §20.63, 21 C.F.R. §20.111, 21 C.F.R. §20.112, 21 C.F.R. §50.25, 21 C.F.R. §314.80, and 21 C.F.R. §803.9, by the regulations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or by any other relevant rules or regulations.

8.      Discovery Materials disclosed at a deposition may be designated by a party as Confidential Discovery Materials by indicating on the record at the deposition that the specific part of the testimony and/or any exhibits marked for identification is confidential, and is subject to the provisions of the Order. In such  situations,  the questions and answers designated as confidential may be transcribed separately from the remainder of the deposition. Counsel for any party may exclude from the room during any portion of a deposition any person not entitled under this Order to receive Confidential Discovery Materials while such materials are being disclosed and/or discussed.  A party may also designate discovery materials disclosed at such depositions

as confidential by notifying all parties in writing, within fifteen (15) days of receipt of the transcript by the attorneys of record for the designating party, of the specific pages and lines of the transcript which contain Confidential Discovery Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody or control. During such fifteen (15) day period, all Discovery Materials shall be treated as Confidential Discovery Materials.

9.    By making any such Confidential Discovery Materials available during the course of this litigation, the producing party does not waive any trade secret or other confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Discovery Materials "confidential," the parties do not acknowledge that any such Discovery Materials are relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.

10.    Inadvertent failure to designate Discovery Materials as confidential at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Order as if they had initially been designated as Confidential Discovery Materials, provided that there shall be no sanction for any use or disclosure of such material prior to designation. The inadvertent disclosure by the producing party of Confidential Discovery Materials, regardless of whether such materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific discovery materials disclosed or as to any other Discovery Materials relating thereto or on the same or related subject matter.

6

11.     If a receiving party desires to disclose any part of any Confidential Discovery Materials in any manner not in accordance with the terms of this Order, the party seeking to make such disclosure shall obtain the written agreement of the producing party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court.

12.     This Order is without prejudice to any party's right to assert the attorney-client, work-product, or other privileges or doctrines, or to any party's right to contest the designation of Confidential Discovery Materials. A party shall not be obligated to challenge the designation of any particular Discovery Materials as being confidential at the time such designation is made and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of Discovery Materials as being confidential, the parties shall first try to dispose of such dispute in good faith on an informal basis by conferring directly with counsel for the producing party. The challenging party must explain the basis for its belief that the designation was not proper and must give the producing party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the court.  Any objections to such a designation, when made, shall be in writing and shall specify the nature of any objection.  Any designated Confidential Discovery Materials shall remain as such under the terms of this Order until the Court makes a determination otherwise.

13.     Nothing in this Order restricts or affects the rights of the producing party

to use or disclose any Confidential Discovery Materials produced by such party. Any such use or disclosure of Confidential Discovery Materials by the producing party shall not be deemed a waiver of the terms of this Order. Nothing in this Order, or any proceeding undertaken pursuant hereto, shall be deemed to have the effect of a waiver by any Party of, or otherwise deemed to alter the confidentiality or non-confidentiality of, any information. Nor shall compliance with this Order operate as an admission as to the admissibility of any information.

14.     All Discovery Materials provided by non-parties may be made, by separate written agreement, specifically subject to the terms of this Order. Such nonparties and/or the parties may designate Discovery Materials as confidential in accordance with this Order. Any designation by such non-parties and/or the parties shall have the same force and effect as if made pursuant to the terms of this Order. The provisions of paragraph 12 relating to a challenge on the assertion of confidential status shall apply to Discovery Materials designated confidential by nonparties.

15.     Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Discovery Materials. In the event disclosure of sealed materials is sought, no portion of the materials thus sealed shall be released except upon notice to the producing party made by the party or non-party seeking disclosure, proof of which shall be made to the Court, and after a full opportunity for hearing upon the matter.

16.     Confidential Discovery Material shall not be filed with the Court except when required in connection with matters pending before the Court.  If filed, any Confidential Discovery Material shall be filed as "restricted access" in accordance

with the Court's rule and procedures.

17.     Confidential Discovery Material may be introduced by any party at the time of trial or at any court hearing, provided it is submitted under seal initially by the party seeking to use Confidential Discovery Material. At the time that such material is introduced, the Court shall issue such Order as it deems appropriate for maintaining the confidentiality of such material.

18.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed any Confidential Discovery Materials to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify the producing party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Discovery Materials, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the non-disclosure agreement attached hereto as Exhibit A.

19.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Confidential Discovery Materials, the receiving party must so notify the producing party immediately, in writing, and no more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party must also immediately, in writing, inform the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action who caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the producing party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The producing party shall bear the burdens and the expenses of seeking protection of its confidential material in the other court – and nothing in these provisions should be construed as authorizing or encouraging the receiving party to disobey a lawful directive from another court. If the producing party timely seeks a protective order in the other court, the receiving party served with the subpoena or court order shall not produce any Confidential Discovery Materials before a determination by the court from which the subpoena or order issued, unless the receiving party has obtained permission from the producing party.

20.     The Parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

21.     At the conclusion of this litigation, including any appeals from any

10

judgment or order entered by the Court and any retrial, at the request of the producing party, the receiving party shall forward all executed non-disclosure agreements to the producing party within thirty (30) days, retrieve all Confidential Discovery Materials from testifying experts, consulting experts, and any other person or entity to whom the receiving party has disclosed Confidential Discovery Materials, and, at its option, within thirty (30) days either: (1) destroy all received Confidential Discovery Materials by such party and shall certify in writing that such destruction has occurred; or (2) return all received Confidential Discovery Materials to the producing party and certify in writing that all such discovery materials have been returned. If the producing party is not notified of which option the discovering party has chosen, it will be presumed that option (1) was chosen. Upon written request of the producing party, the discovering party shall confirm that  one of the  foregoing  options has  been  implemented.  However, notwithstanding  any  other  provision  of  this  paragraph,  all  Confidential  Discovery Materials shall remain subject to this Order.

22.     This Order shall be without prejudice to the right of the parties or any third person to request additional protection under applicable laws for discovery requests hereafter served by any party or to seek modification of this Order upon a showing of good cause.

23.     The terms of this Order shall not be construed as any limitation upon the right of any party to offer into evidence any documents, response, or information designated as confidential.

24.     This Order shall be binding upon the parties hereto, counsel for the parties, and upon the parties' and their counsels' successors, executors, personal representatives,

11

administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The parties, their counsel and employees of such counsel, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

25.     This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations or organizations to whom this Order applies for purposes of enforcement of this Order following the conclusion of this action.

Entered this 15th day of February, 2017.

                                        *s/Cheryl R. Zwart*
                                        United States Magistrate Judge

12

**EXHIBIT A**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEBRASKA

Stephanie Ideus                                 Civil File: 4:16-cv-03086-JMG-CRZ

       Plaintiff,

vs.

Teva Pharmaceuticals USA, Inc., and Teva
Women's Health, Inc.,

       Defendants.

_____

    I, _____, hereby certify my understanding that Confidential Discovery Materials are being provided to me pursuant to the terms and restrictions of an Order entered by the United States District Court for the District of Nebraska in connection with the action entitled *Stephanie Ideus v. Teva Pharmaceuticals USA, Inc., et al.,* Case No. 4:16-cv-03086.

    I further certify that I have been provided a copy of and have read the Order. I understand that the Order prohibits me from either using or disclosing Confidential Discovery Materials for any purpose other than as set forth in and pursuant to the Order entered by the Court. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable as contempt of court.

Date: _____          _____
                                    Signature